IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JUANITA B. HILTS                                                        PLAINTIFF

            v.                       Civil No. 05-2133

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                      DEFENDANT

**MEMORANDUM OPINION**

Plaintiff Juanita B. Hilts brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for period of disability and disability insurance benefits (DIB) pursuant to §§ 216(i) and 223 of Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 416(i) and 423. In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**Procedural and Factual Background**

The plaintiff filed her application for DIB on October 27, 2003 (Tr. 54-66), alleging an onset date of January 6, 1995. (Tr. 54.) Plaintiff was eligible for DIB through December 31, 2000. (Tr. 353.) The application was initially denied (Tr. 25) and that denial was upheld upon reconsideration (Tr. 27). Plaintiff then made a request for a hearing by an Administrative Law Judge (ALJ). (Tr. 40.)

On March 17, 2005, a hearing was held by the ALJ. The plaintiff was represented by counsel at this hearing. (Tr. 348-376.) The ALJ issued an unfavorable ruling on June 21, 2005, deciding that the plaintiff was not disabled within the meaning of the Act. (Tr. 13-23.) The plaintiff then requested a review of the hearing by the Appeals Council (Tr. 12), which denied

that request on August 17, 2005 (Tr. 4-6); thus, the ALJ's decision became the final action of the Commissioner. The plaintiff filed her complaint with this court on September 1, 2005, seeking judicial review of that decision. (Doc. 1.) The plaintiff has not filed an appeal brief with this court. The Commissioner has filed an appeal brief. (Doc. 7.) This case is before the undersigned pursuant to the consent of the parties. (Doc. 4.)

In her application, plaintiff alleges that she was disabled due to a series of conditions, including pain throughout her body, diabetes mellitus, hypertension, hernia, acid reflux, arthritis, foot problems, and fibromyalgia. (Tr. 62-65.) In November 2003, plaintiff had a lens implant in her left eye that caused her pain and swelling. In December 2003, plaintiff injured her right elbow which has limited her abilities to lift with that elbow. (Tr. 67.)

At the hearing, plaintiff testified that she was 56 years of age on December 31, 2000, the date she was last insured. (Tr. 353.) She had worked for eighteen and a half years as a secretary at a public school, with some substitute teaching work. (Tr. 355-356.) Her major job duties included typing, answering the phones, and general clerical work. (Tr. 357.) Plaintiff's last day of work was January 6, 1995. Plaintiff was on medical leave from January 6, 1995 until July 1, 1995, when she began disability retirement. She testified that she has not worked anywhere since her 1995 application for disability retirement. (Tr. 357-358.) Plaintiff testified that she stopped working because her feet and hands "were going to sleep" and she was "hurting all over [her] body." After two major surgeries, for a hysterectomy and a hernia, she decided to retire. (Tr. 358.)

Plaintiff testified to being diagnosed with fibromyalgia in 1993 or 1994 (Tr. 359) and diabetes in 1987 (Tr. 359). While working, plaintiff would take breaks at least once a day to run

hot water over her hands when her hands became numb. She testified that her hands have not gotten better since 1995, and have become worse with arthritis. (Tr. 360.) Plaintiff also testified that she had extreme pain in her legs, foot problems, and back pain. While working, she would take breaks and walk the hallways at the school to help relieve this pain. Despite these frequent breaks, plaintiff's job performance was not impacted. (Tr. 361-366.) Plaintiff testified to suffering from acid reflux which limits the foods she is able to consume, but she was able to push herself to get her work completed. (Tr. 366-368.)

Plaintiff testified that she primarily stopped working after having two surgeries because the doctor had told her not to lift anything over five pounds and she was having difficulty climbing stairs. (Tr. 368.) Finally, plaintiff testified that there are some days that she is able to go about her tasks of the day without resting and other days she has to rest on her bed for 15 to 30 minutes, but that there are no days that she has to rest for the entire day. She stated that she forces herself to get up, however she does not believe that she could have done her previous job or any other full-time job with her medical conditions, either today or back in 1995. (Tr. 374-375.)

The medical record contains substantial references to plaintiff's diagnosis of diabetes mellitus type II. (Tr. 116, 130, 138-139, 144, 153, 158, 160, 175, 181, 186, 190, 251, 312.) Despite this diagnosis, the record contains numerous references to plaintiff's ability to control her diabetes with her diet and medication. In fact, in May 1995, Dr. G. Dean Ezell commented that plaintiff had "[a]dult onse diabetes mellitus which she controls by dietary means alone." (Tr. 190.) In 1997, Dr. Mohsen Keyashian commented in a medical report, "For her diabetes, she is supposed to be on a diet, but does not keep her diet every well and does not have enough

-3-

exercise." (Tr. 251.)

Plaintiff purports to suffer from fibromyalgia. The medical record contains several references to this condition. (Tr. 112, 116, 182, 190, 249, 254, 256, 258, 265, 267-269, 277, 306, 312.) Plaintiff indicates in her Disability Supplemental Interview Outline that she takes Tylenol to treat her fibromyalgia and that she tries to move around to help the condition. (Tr. 64.) She was taking Tylenol and Ibuprofen in September 1995 to treat the fibromyalgia. (Tr. 269.) In December 1996, Dr. Keyashian reported that plaintiff's "arthritis and chronic pain" were stable. (Tr. 254.) Even when prescription medications were given to plaintiff for the arthritis and chronic pain, she was not taking those medications, and when Dr. Ezell suggested the possibility of pursuing tricyclics for her fibromyalgia, plaintiff declined to pursue this course of treatment. (Tr. 265, 306.) Plaintiff was treated by a chiropractor in 1994 who performed "spinal manipulation and interferential treatment with good results." (Tr. 312.)

The medical evidence shows that plaintiff suffers from hypertension. (Tr. 151, 175, 251, 254, 256, 265, 269.) Throughout the record, doctors report that this condition is stable with the medications prescribed. (Tr. 151, 251, 254, 256, 263.) Doctors recommended that plaintiff lose weight and control her diet. (Tr. 254, 269.) The medical evidence also contains references to hysterectomy and hernia surgeries (Tr. 114, 115, 116, 117, 191, 195, 218, 219, 291.) Plaintiff additionally has been diagnosed as suffering from gastroesophageal reflux disease. (Tr. 190, 218, 249, 251, 254, 257, 258, 291.)

**Applicable Law**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir.

2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or

AO72A
(Rev. 8/82)

mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

## Discussion

Plaintiff's complaint was filed of record on September 1, 2005. (Doc. 1.) The Commissioner filed an answer on November 3, 2005 (Doc. 5), and an appeal brief on December 29, 2005 (Doc. 7). Although there has been ample time for Plaintiff's counsel to submit a brief to this court, he has not done so. Therefore, the Court is presented with no argument in support of Plaintiff's request for reversal of the Commissioner's decision. Nonetheless, as always, the Court has thoroughly reviewed the administrative record in the course of conducting this judicial review.

Plaintiff bears the burden of proving disability. *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir.1995). While the absence of an objective medical basis supporting the severity of subjective complaints is just one factor to be considered in evaluating the credibility of testimony and complaints, *e.g., Herbert v. Heckler,* 783 F.2d 128, 130 (8th Cir.1986), the existence of a disabling impairment must be supported by at least some objective medical evidence. *Marolf v. Sullivan,* 981 F.2d 976, 978 (8th Cir.1992). Thus, plaintiff had to establish a physical or mental impairment by medical evidence consisting of signs, symptoms and laboratory findings,

rather than only by his statements of his symptoms. *See* 20 C.F.R. § 404.1508. An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability. *Brown v. Shalala*, 15 F.3d 97, 98 (8th Cir.1994).

The ALJ evaluated the plaintiff's claim according to the five-step sequential evaluation analysis prescribed by the social security regulations, *See* 20 C.F.R. §§ 404.1520(a)-(f); *see also Bowen v. Yuckert,* 482 U.S. 137, 140-42 (1987) (describing five-step analysis). At the fourth step, the ALJ found that plaintiff has the residual functional capacity (RFC) to perform "a significant range of medium work" including the ability to "occasionally lift and carry 50 pounds and frequently lift and carry 25 pounds." Also, the ALJ found that plaintiff could "stand, walk, and sit for 6 hours out of an 8-hour workday." (Tr. 21.) The ALJ did not wholly disregard plaintiff's allegations of pain, rather the ALJ found "the claimant credible to the extend that she experiences some degree of pain; however the undersigned cannot find the claimant's allegations that she is incapable of all work activity to be credible because of significant inconsistencies in the record as a whole." (Tr. 21.)

The ALJ did consider the RFC evaluation submitted by plaintiff's chiropractor, Tom Wood, who opined that plaintiff could sit continuously for one hour before needing to change postures, stand, or walk about; could sit a total of 4 hours in an 8-hour workday; could stand continuously for 30 minutes; could stand a total of 4 hours in an 8-hour workday, could walk continuously for 15 minutes, could walk a total of 2 hours in an 8-hour workday, and could combined stand and walk for a total of 4 hours in an 8-hour workday. Also Dr. Wood suggested that plaintiff could occasionally lift and carry up to 5 pounds and never lift or carry more than 5 pounds. Dr. Wood assessed plaintiff with an occasional ability to bend, reach above, and stoop

AO72A
(Rev. 8/82)

but with no ability to squat, crawl, climb, crouch, or kneel. (Tr. 343.)

While Dr. Wood's assessment is more restrictive than that determined by the ALJ, it is not persuasive enough to find that the ALJ's decision was not supported by substantial evidence. Indeed, a chiropractor's opinions are not acceptable medical sources under the Regulations. *See* 20 C.F.R. § 404.1513(a). Furthermore, a review of the medical evidence in the record supports the ALJ's findings concerning plaintiff's physical abilities, especially in light of the repeated indications that plaintiff's medical conditions were controlled by diet and/or medications. In fact, the record contains several notations in which plaintiff's treating physicians recommended increased physical activity. (Tr. 154, 182, 186, 224, 251, 254, 256.)

**Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the plaintiff benefits, and thus the decision should be affirmed and plaintiff's complaint should be dismissed with prejudice.

DATED this 7th day of August 2006.

**/s/ Beverly Stites Jones**
_____
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)